UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACCUSOFT CORPORATION, )<br>      Plaintiff, )<br> )<br>      v. )<br> )<br>QUEST DIAGNOSTICS, INC., )<br>And MEDPLUS, INC., )<br>      Defendants. )<br>_____ ) | **CIVIL ACTION**<br>**NO. 12-cv-40007-TSH** |

**ORDER**
**December 17, 2013**

This Order follows a December 16, 2013 hearing attended by counsel for both parties. At the hearing, the Court attempted to narrow the discovery disputes between the parties that are the subjects of Plaintiff's Motion to Compel (Document #266), Defendants' Response to Order on Use of ImageGear (Document #304), Defendants' Discovery Status Report (Document #305), and Plaintiff's Discovery Status Report (Document #306). Keeping in mind the goal of concluding fact and expert discovery as thoroughly, efficiently and expeditiously as possible, the Court and counsel for the parties at the hearing addressed the substance of the discovery disputes. The following orders were crafted at the hearing and are repeated below to ensure that all participants understand their obligations going forward.

1. With respect to eMaxx, Accusoft seeks information on damages based on Quest Diagnostics' laboratory business (see, e.g., Document #306, par. 1). Without regard to the relevancy of such information, and in an attempt to avoid the anticipated motion to compel such information, the Court orders counsel for Accusoft to confer with their damages expert witness to determine whether the expert is able to form his/her opinion based on Quest Diagnostics' public filings with the Securities and Exchange Commission. Counsel for Accusoft shall report back to the Court on or before January 3, 2014, regarding whether the expert can opine on damages based on such public filings.

2. Accusoft has alleged Defendants distributed ImageGear through OptiMaxx without license. To ascertain the facts and circumstances about the distribution of OptiMaxx, Accusoft served, in 2012, nineteen (19) subpoenas to customers of Quest Diagnostics. The Court quashed the subpoenas without prejudice, finding Defendants could directly provide the information without involving their customers. (Document #53). At the hearing, Accusoft represented that Defendants have produced to Accusoft the information

it needs with respect to 75% of those customers.  Accusoft is entitled to information regarding the other 25%.  To that end, on or before December 20, 2013, Accusoft is ordered to identify to Defendants the identities of the 75% of Quest customers about whom they have already received information.  Using that information, Defendants shall identify the other 25% to Accusoft, on or before January 3, 2014.  To the extent Defendants contend they have produced documents that obviate the need to subpoena the newly identified customers, Defendants shall direct Accusoft to specific bates-numbered documents.  Otherwise, Accusoft will be entitled to subpoena those customers.

3. With respect to eMaxx, Accusoft seeks documents that will enable Accusoft to identify the extent of use and the number of eMaxx customers who have accessed ChartMaxx for print functions.  At the hearing, Defendants' counsel represented he could provide Accusoft with a bates-range of such documents.  Defendants shall therefore provide the bates-range of responsive documents on or before January 3, 2014.

4. With respect to ChartMaxx Epic Viewer, Defendants are ordered to produce the identification of the three customers referenced in their December 6, 2013 Response (Document #304, p. 2).  On or before January 3, 2014, Defendants shall also produce documents, or direct Accusoft to specific bates-numbered documents that they have already produced, that show use and revenue associated with the development and release of ChartMaxx Epic Viewer.

5. On September 26, 2013, Accusoft filed its motion to compel Defendants to answer or supplement almost 40 answers to interrogatories or responses to requests for documents (Document #266).  Having had the benefit of several months to collect and review new discovery since that time, including having conducted depositions, receiving additional documents, reviewing Defendants' Documents #304 and #305, and attending the December 16 hearing, Accusoft is now directed to identify those matters that it continues to press as absolutely necessary in order for it to conclude its discovery.  Making reference to its Motion to Compel (Document #266), Accusoft is ordered to specifically identify any request, including only those subparts of each request, that it contends require this Court's intervention in compelling Defendants to answer.  In other words, if Accusoft still seeks profits and revenues pertaining to OptiMaxx from 2001 to the present (see, e.g., Document #266, p. 8), Accusoft is to identify the specific years for which it continues to need such information.  The Court anticipates Accusoft will file a very short document that identifies the request by number and specifies the specific subparts that it contends are still not answered.  In doing so, Accusoft should assume Defendants will have complied with the other parts of this Order, without prejudice to renew the motion to compel regarding those matters if Defendants fail to comply with this Order.  Neither party is to file any argument regarding same because the Court has already received

extensive briefing by Accusoft in support of its Motion to Compel, and has likewise received extensive argument in opposition from Defendants (Document #276), in addition to the information provided by the parties at the hearing.  Accusoft should file and serve this document on or before December 20, 2013.

In light of the foregoing, and pursuant to Judge Hillman's referral of all pretrial matters to me, all deadlines in the current Scheduling Order (Docket #296) will continue to be stayed until further order of the Court.  The parties are next scheduled to appear before me at a status conference regarding pending discovery issues on January 10, 2014 at 10:00 a.m., Courtroom 1, 595 Main Street, Worcester, Massachusetts.

So ordered,

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge