UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACCUSOFT CORPORATION,<br>           Plaintiff,<br><br>     v.<br><br>QUEST DIAGNOSTICS, INC.,<br>and MEDPLUS, INC.,<br>           Defendants. | **CIVIL ACTION**<br>**NO. 12-cv-40007-TSH** |

**ORDER ON PLAINTIFF'S SEALED MOTION
TO COMPEL THE PRODUCTION OF UNREDACTED DOCUMENTS**

**February 14, 2014**

Hennessy, M.J.

Pursuant to 28 U.S.C. § 636(b)(1)(A), and an order of referral (Docket #294), this matter was referred to me for a ruling on Plaintiff's (Sealed) Motion to Compel the Production of Unredacted Documents (Docket #325), filed with a supporting sealed affidavit from Plaintiff's counsel (Docket #326). Defendants filed an opposition (Docket #328) with its own supporting affidavits from Defendants' counsel attaching exhibits, some of which are filed under seal (Dockets #329, 335). A hearing attended by counsel for Plaintiff and Defendants was held on February 12, 2014. This matter is now ripe for adjudication. For the reasons that follow, the motion to compel is DENIED as set forth in this Order.

BACKGROUND

This lawsuit centers on whether Defendants have used a computer program copyrighted by Plaintiff, Accusoft Corporation ("Accusoft"), in violation of copyright laws. Defendant MedPlus, Inc. ("MedPlus") and Accusoft engaged in a number of business transactions between

1

2001 and 2006 that resulted in software license agreements and purchase orders. The parties disagree about the scope of what MedPlus purchased. In recent months, Accusoft deposed MedPlus's former General Counsel, Daniel Hackett ("Hackett"), and MedPlus's former operations and business manager, Ray Mazza ("Mazza"). During the depositions, Accusoft inquired regarding certain email communications that had been withheld or produced in redacted form due to an asserted attorney-client privilege. In its motion (Docket #325), Accusoft argues that before the depositions, the deponents reviewed the unredacted versions of the documents to prepare for, and refresh their recollections. Accusoft seeks an order compelling Defendants to produce the email communications in unredacted form. In its motion, Accusoft identifies four email strings (Docket #325, pp. 3-4), but Defendants point out that Accusoft also generally seeks "all email communications that had previously been withheld, or have been redacted based upon attorney-client privilege, to the extent that these documents were shown to Mr. Hackett and Mr. Mazza in preparation for the depositions." (Id., pp. 2-3). At the hearing, Accusoft's counsel argued that the production of an email, bates stamped Q-MD0011155 to Q-MD0011160 ("Email Four" discussed at point "E" below), would be particularly important if the Court determines the terms of the license agreement is unclear and parol evidence is admissible.[1] Without deciding whether parol evidence will be admissible, and in an exercise of caution, the Court requested that counsel submit Hackett's entire transcript and Email Four for an in camera review.

After reviewing the parties' submissions and considering arguments at the hearing, to the extent that Accusoft seeks documents other than the four email strings, the motion is denied.

---

[1]  The issue of parol evidence is not before the Court. There has been no finding, or motion for that matter, concerning an argument that the language of the software license agreements is ambiguous. At the hearing, counsel for Accusoft offered an argument regarding parol evidence in response to a question from the Court.

With respect to the four email chains identified in Accusoft's motion, the following facts and analysis demonstrate why Accusoft's motion to compel is DENIED.

## FACTS

### Mazza's Deposition

Mazza was an operations and business manager for MedPlus from 2002 to 2006. (Docket #329-2, 20:7-21:1). He worked directly with Hackett and Accusoft to negotiate the 2003 software license agreement that is at issue in this case. (Id.; 21:3-9). Defendants' counsel represented him during his deposition on November 20, 2013. (Id., 10:6-21). Mazza testified that in preparation of his deposition, he met with Defendants' litigation counsel and was shown certain emails. (Id., 10:2-5) (Docket #326, Ex. B; 80:8-19; 99:18-100:1). However, Mazza testified that the emails did not refresh his recollection. (Docket #329-2; 15:4-10; 43:10-18; 49:25-50:9; 81:6-13; 100:2-5; 124:4-7; 124:14-16; 125:1-4; 125:8-11). Mazza testified that even before he reviewed the email documents, he remembered generally having conversations with Accusoft, but he could not remember specific conversations. (Id.; 14:9-15:6).

### Hackett's Deposition

Hackett was General Counsel at MedPlus from 2001 to 2007. (Docket #328-A, 17:5-10. As General Counsel, Hackett provided legal advice to MedPlus, including employees like Mazza, who were negotiating software license agreements with Accusoft. (Id.; 20:11-24). He advised MedPlus regarding both the 2001 and 2003 software license agreements with Accusoft that are contested in this matter. Hackett emailed MedPlus employees, and Defendants produced the emails with redactions of attorney-client communications. Defendants recorded the redactions on a privilege log they served on Accusoft on May 31, 2013. (Docket #329, par. 5).

After Accusoft noticed Hackett's deposition, Defendants' counsel objected to the subpoena and deposition notice on the basis of both the attorney-client and attorney work product privilege, and further informed Accusoft that the deposition could move forward "subject to and without waiving any of the forgoing objections." (Docket #329-3). Hackett was deposed on October 10, 2013. (Docket #329-1). Even though he is no longer an employee, Defendants' counsel represented him during his deposition. (Id.).

During his deposition, Hackett testified that he had no independent memory of the negotiations with Accusoft. (Docket #326, Ex. A; 36:13-37:17). He further testified that in preparation of his deposition, he met with Defendants' litigation counsel and was shown emails that refreshed his memory. (Docket #329-1; 14:6-16) (Docket #326, Ex. A; 66:18-68:2; 75:6-13; 128:1-8). When Accusoft's counsel asked Hackett if he recalled the documents he reviewed with Defendants' counsel, Hackett responded "[s]ome I did, some I didn't." (Docket #329-1; 15:13-20). Other than in one email (bates stamp Q-MD0011155 to Q-MD0011160 – discussed at point "E" below), Hackett never testified that the documents at issue refreshed his recollection about the substance of those documents; rather, Hackett testified that his review of <u>all</u> the documents provided to him, of which the emails in question were but a portion, generally refreshed his memory about the license agreements with Accusoft. (Docket #329-1; 14:6-15:25).

<u>Assertions of Privilege by Defendants</u>

Defendants have asserted the attorney-client and work product privileges to protect the emails at issue from disclosure. Initially, as part of their document production, Defendants produced a privilege log which included entries for the redacted material at issue in Accusoft's motion to compel. (Docket #329, par. 5). Thereafter, in the weeks before Hackett's deposition, Defendants' counsel notified Accusoft that the deposition would only go forward subject to

objections based on both the attorney-client and attorney work product privileges. (Docket #329-3). Finally, Defendants' counsel again asserted the objections and privileges during Hackett's deposition. (e.g., Docket #326, Ex. A; 68:9-16).

## DISCUSSION

A.  Standard

Accusoft seeks to invoke Rule 612 of the Federal Rules of Evidence to pierce the attorney-client privilege claimed by Defendants. The Rule provides that if a witness uses a writing to refresh memory before testifying, an "adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony" and "if the court decides that justice requires." See F. R. Evid. 612(a)(2) and (b). However, Rule 612 does not provide unfettered access to the opposing party's files. Instead, the rule seeks to "insure that access is limited only to those writings which may fairly be said in fact to have an impact upon the testimony of the witness." Fed. R. Evid. 612, Advisory Committee Notes (1972).[2] There are several factors to help the court determine whether justice requires production of the writing. Nutramax Labs., Inc. v. Twin Labs., Inc., 183 F.R.D. 458, 468-70 (D. Md. 1998). A court may consider whether the events happened recently or years ago; whether documents were reviewed for purposes other than the deposition (e.g., to comply with Rule 34); the number of documents reviewed; and the status of the witness (e.g., whether the witness is a Rule 30(b)(6) witness or is an attorney). Id.

Accusoft glosses over whether the emails actually refreshed the witnesses' memories; instead, it assumes Rule 612 applies and points to a decision from this district, Heron Interact,

---

[2]  Even though the exact language of the rule has been amended since 1972, the Committee noted in 2011 that the amendments were purely stylistic and did not affect the substance of the rule regarding access, i.e., to promote the search of credibility and memory. Fed. R. Evid. 612, Advisory Committee Notes (2011).

Inc. v. Guidelines, Inc., 244 F.R.D. 75, 77 (D. Mass. 2007), to support the proposition that the court should balance the requesting party's need to see the document with the possessing party's interest in protecting privileged information.[3]  Accusoft claims Defendants have "waived" the privilege by putting "the disputed email communications directly at issue when they used them to prepare [Hackett and Mazza] to testify." (Docket #325, p.5).  Defendants, on the other hand, dispute the emails were put at issue just because they were reviewed in deposition preparation sessions, and they further contend that Heron Interact and Rule 612 do not control here because Accusoft has not established that the witnesses used the writings to refresh their memories.  Even if Accusoft had carried its burden to show the emails actually refreshed their memories, Defendants contend that with respect to Hackett, it would be perverse if this Court adopted Accusoft's argument and ordered Hackett to turn over all his communications simply because he reviewed them to prepare for his deposition.  Defendants assert that finding Hackett to have "waived" the attorney-client privilege by preparing for his deposition would have the undesired effect of discouraging attorneys from reviewing their notes and communications in preparation for their own depositions.  Moreover, Defendants remind the Court that they repeatedly asserted the attorney-client privilege, thus defeating Accusoft's claim of waiver.

    B.   Email with Bates Stamp Q-MD0009594 to Q-MD0009595 ("Email One")

Email One is a series of emails between Mazza and Hackett.  A redacted version of Email One was introduced in Mazza's deposition as Exhibit 6.  (Docket #326, Ex. C; 80:8-11).  Accusoft seeks production of the unredacted version of Email One claiming Mazza's testimony

---

[3] While Heron Interact certainly supports this proposition, it is factually distinguishable.  It involved a Rule 30(b)(6) designee who, as Rule 30(b)(6) contemplates, will review documents and learn things in order to be able to testify on behalf of the organization.  Moreover, in Heron Interact, the witness actually used the documents while testifying, thus implicating Fed. R. Evid. 612(a)(1), not Fed. R. Evid. 612(a)(2), which is at issue here.

was based on his review of it to refresh his recollection in preparation for his deposition. (Id., 80:12-19; 80:20-81:5). When pressed about his memory about what was redacted from the email, Mazza did not know. (Id., 81:6-13). When asked if the documents he reviewed refreshed his recollection, he said they did not. (Docket #329-2; 15:7-10). Rule 612 applies only if the writing refreshed the witness's memory. That is not the case here. Accusoft cannot use Rule 612 to pierce the privilege. The motion to compel the unredacted version of Email One is denied.

### C. Email with Bates Stamp Q-MD0009596 to Q-MD0009597 ("Email Two")

Email Two was introduced at Hackett's deposition as Exhibit 6, and at Mazza's deposition as Exhibit 10. (Docket #326, Ex. D). Having established that Mazza did not refresh his recollection by reviewing any of the emails (Docket #326, Ex. B; 99:18-100:9), the Court need only examine the circumstances at Hackett's deposition to determine if the privilege should be pierced. At his deposition, Hackett indicated he reviewed Email Two in its unredacted form in preparation for his deposition. (Docket #326, Ex. A; 75:6-16). Hackett never testified specifically that Email Two refreshed his recollection; rather, he testified that his review of all the documents provided to him, of which Email Two was but a portion, generally refreshed his memory. (Docket #329-1; 14:6-15:25). This testimony is insufficient to establish the requisite "impact upon the testimony" which triggers the options prescribed in Rule 612. Moreover, given that the information is protected by the attorney-client privilege, the Court cannot find that justice requires its production. Because Accusoft did not meet its threshold burden of showing that the writing, i.e., Email Two, refreshed Hackett's memory, the motion to compel the unredacted version of Email Two is denied.

D. Email with Bates Stamp Q-MD0009598 to Q-MD0009605 ("Email Three")

A redacted version of Email Three was introduced at Hackett's deposition as Exhibit 4. (Docket #326, Ex. E). As to this email, there is some inconsistency in Hackett's testimony. On one hand, Hackett indicated he reviewed the document in its unredacted form in preparation for his deposition, and that the redacted information refreshed his recollection. (Docket #326, Ex. A, 66:18-68:2). On the other hand, Hackett never testified specifically that Email Three refreshed his recollection; rather, he testified that his review of <u>all</u> the documents provided to him, of which Email Three was but a portion, generally refreshed his memory. (Docket #329-1; 14:6-15:25). As with Email Two, this testimony is insufficient to support the production of information claimed to be protected by the attorney-client privilege. The motion to compel the unredacted version of Email Three is denied.

E. Email with Bates Stamp Q-MD0011155 to Q-MD0011160 ("Email Four")

A redacted version of Email Four was introduced at Hackett's deposition as Exhibit 14. (Docket #326, Ex. A; 128:1-25). Hackett indicated he reviewed the document in its unredacted form in preparation for his deposition, and that his memories of the events surrounding Email Four were in fact based on a review of the unredacted version of this email chain. (<u>Id.</u>) Here, Accusoft has carried its burden to show that the writing actually refreshed Hackett's memory. Fed. R. Evid. 612(a). The question then becomes whether "justice requires" the production of the document in unredacted form. <u>See</u>, <u>Smith & Wesson v. United States</u>, 782 F.2d 1074, 1083 (1st Cir. 1986) (affirming a District Court ruling that unredacted report not be produced); <u>United States v. Massachusetts Maritime Academy</u>, 762 F.2d 142, 157 (1st Cir. 1985) (affirming District Court's decision to permit a witness's memory to be refreshed). While it is important for the court to protect the asserted privilege against the disclosure of highly-sensitive theories,

opinions, and thoughts of an attorney, it is also important that the other side have access to the writings that have impacted the attorney's credibility and memory. See, Fed. R. Evid. 612, Advisory Committee Notes (1974) (noting the Rule was amended so the court could exercise its discretion to stem off "fishing expeditions" during discovery, and reinforcing that "nothing in the Rule be construed as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory."). A review of the factors enumerated in Nutramax, 183 F.R.D. at 468-70, will help the court balance the equities.

The license agreements at issue were signed more than ten years ago, so Accusoft has a legitimate need to explore the basis for Hackett's testimony. On the other hand, Accusoft was a counter-party to the transactions about which it seeks to inquire. As a contracting party to the software license agreements, Accusoft presumably had equal access to the occurrences that are the subject of the emails in the chain. See, Derderian v. Polaroid Corp., 121 F.R.D. 13, 15 (D. Mass. 1998) (merely because notes may prove helpful to the other side, does not warrant disclosure when the other side attended the same events that were described in the notes). Moreover, in deposing former general counsel about matters within the scope of his responsibilities, Accusoft had to appreciate that its inquiries would involve attorney-client privileged matters. Indeed, Defendants agreed to the deposition, subject to this very objection. In terms of assessing what "justice requires," it is unfair for Accusoft to now insist on production of privileged matters. Similarly, Hackett was reviewing his own privileged communications so that he would be prepared to testify at his deposition. To ask him to not review his internal communications would be to ask him to not be prepared for the deposition. If the court were to order the production of an unredacted Email Four, Accusoft would realize an "end run" around the attorney-client privilege. The Court is unwilling to facilitate such a result. Finally, Accusoft

has not alleged that Hackett reviewed Email Four at the deposition or relied on it during the deposition, or that Hackett reviewed the emails for any reason other than to prepare for his deposition.  Cf. Heron Interact, 244 F.R.D. at 77.  Instead, Accusoft submits a factual record showing Hackett reviewed Email Four with many other emails in preparation for his deposition.  The balance of the equities weighs against the production of the unredacted version.  Justice so requires.  The motion to compel the unredacted version of Email Four is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's (Sealed) Motion to Compel the Production of Unredacted Documents (Docket #325) is DENIED.

So ordered,

*/s/ David H. Hennessy*
David H. Hennessy
United States Magistrate Judge