UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ACCUSOFT CORPORATION,  )
       Plaintiff,  )
         )
   v.  )   **CIVIL ACTION**
     )   **NO. 12-cv-40007-TSH**
QUEST DIAGNOSTICS, INC.,  )
and MEDPLUS, INC.,  )
       Defendants.  )
_____)

**ORDER**
**April 7, 2014**

Hennessy, M.J.[1]

     Pursuant to this Court's March 28, 2014 Order (Docket #362), Defendants submitted a filing itemizing the reasonable expenses they incurred in opposing Plaintiff's two motions for an extension of time. See Declaration of John J. Cotter in Support of Defendants' Application for Attorney's Fees. (Docket #363). After careful consideration of the Defendants' declaration and the itemization of expenses (which comprise attorney's fees only), the Court orders that Plaintiff pay Defendants $12,297 to reimburse Defendants' costs.

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), an order of referral (Docket #294), I make this Order.

# BACKGROUND[2]

On March 24, 2014, Plaintiff ("Accusoft") moved for an extension of time to comply with the Court's March 28, 2014 Scheduling Order deadline to exchange expert reports. (Docket #355). The following day, Accusoft filed an emergency motion for the same relief. (Docket #356). The thrust of both motions was that Accusoft needed more time to conduct discovery before it could finalize its expert reports.[3] Defendants filed an opposition to Accusoft's motion (Docket #357), supported with three declarations (Dockets #358-60). After consideration of the papers, the Court ruled on nine separate issues raised by Accusoft as supporting its motions. (Docket #362). With respect to seven of those nine issues, the Court ruled that Accusoft failed to establish "good cause" for an extension of time. (Id.). See Fed. R. Civ. P. 16(b)(4); O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir. 2004). With respect to the eighth issue, i.e., lab revenue damages, the Court clarified the Defendants' obligation to produce certain documents. (Docket #362). With respect to the ninth issue, i.e., the Epic Viewer, the Court granted Accusoft's motion and ordered Defendants to file a response, which resulted in additional time for Accusoft to serve its expert report on damages. (Id.). The Court also found

---

[2] This Court's November 19, 2013 Order warned the parties of the possibility of today's result, and supports the sanction herein:

> The parties to this dispute have engaged in a protracted, tortured discovery process characterized by motions – for extensions of time, to compel, to file supplemental briefing on the motions, et cetera. One year ago to the day, Judge Hillman warned the parties "that the endless stream of discovery disputes in this case is counterproductive to the just, speedy, and inexpensive resolution of this case, and [is] vexing to the court. Further disputes will be scrutinized with an eye towards sanctions." (Docket #157). Judge Hillman was, in part, quoting Rule 1 of the Federal Rules of Civil Procedure.

(Docket #297).

[3] The Scheduling Order included a March 28, 2014 deadline for the exchange of expert reports on issues upon which the party bore the burden of proof at trial. (Docket #317).

that Accusoft failed to confer with Defendants under L.R. 7.1(A)(2) in good faith to resolve or narrow the issues, to wit:

> I find that Accusoft's representations are inaccurate or incomplete based on the sworn statements submitted by Defendants. This failure to confer as required by rule, has resulted in considerable time and effort by the Court to address a purported "emergency" (created by Accusoft, for the most part) and to address each of the many arguments raised by Accusoft, most of which are completely refuted by the declarations filed by Defendants. Pursuant to Local Rule 1.3, failure to comply with Local Rule 7.1(A)(2) "may result in dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer." The Court deems it appropriate to **ORDER** Accusoft to pay Defendants' reasonable expenses, including attorney's fees, in responding to Accusoft's two motions. Defendants are **ORDERED** to submit a filing to this Court, under seal if they so desire, that itemizes their responsible [sic] expenses.

(Docket #362, pp. 6-7). The Court found that Accusoft's failure to comply with L.R. 7.1(A)(2) warranted the sanction, under L.R. 1.3, that Accusoft be required to reimburse Defendants for their reasonable expenses, including attorney's fees. (Docket #362). In response, Defendants filed their declaration setting forth their expenses. (Docket #363).

## DISCUSSION

It is settled that a court is within its discretion to award monetary sanctions for a violation of the local rules. Bailey v. Dart Container Corp. of Mich., 980 F. Supp. 584, 589-90 (D. Mass. 1997). In order to determine whether Defendants' expenses are reasonable, this Court looks to Massachusetts law. In re Volkswagen and Audi Warranty Extension Litigation, 692 F. 3d 4, 15 (1st. Cir. 2012) (the issue of attorney's fees has long been considered for purposes of Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), to be substantive and not procedural, and so state-law principles normally govern the award of fees) (citing cases). Massachusetts law permits an award of fees based on the multi-factor analysis outlined in Cummings v. National Shawmut Bank of Boston, 284 Mass. 563, 569 (1934). Using this analysis, to determine whether

the fees proposed are reasonable, a court considers the ability and reputation of the attorneys, the nature of the case and the issues, the time spent, prices usually charged by similar attorneys in the locale, and the result obtained. Id.

This case centers on whether, and to what extent, Defendants have used a computer program copyrighted by Accusoft, in violation of copyright laws. The case has generated over 350 docket entries in its two-year existence. Needless to say, the nature and issues of the case have been difficult. Defendants are represented by attorneys from K&L Gates, LLP.[4] Three attorneys at K&L Gates worked to respond to Accusoft's two motions. (Docket #363). All three of those attorneys specialize in the field of intellectual property litigation, and the two senior attorneys have thirty-nine years of experience between them. (Id.). Defendants submitted billing records created by a time-keeping software program showing that, collectively, Defendants' attorneys spent 34.7 hours responding to the motions, with the Boston senior attorney billing at $750 per hour, and the Washington state partner billing at $450 per hour, and the Washington state associate at $200 per hour. (Id.). Defendants' attorneys billed a total of $15,810 in fees (Id.). Defendants represented that their time expended and hourly rates were reasonable and customary for this type of dispute.[5] (Id.). This Court agrees.

---

[4] According to its website, K&L Gates, LLP comprises more than 2,000 lawyers who practice in 48 offices located on five continents. See http://www.klgates.com/about.

[5] To support their claim that their rates are reasonable, Defendants submitted a link to the American Intellectual Property Law Association's 2013 Report of the Economic Survey. (Docket #363, p. 3). The Court was not able to access the information via the link. Notwithstanding, the Court is satisfied that the billing rates are reasonable based on findings from other courts. See Ascion, LLC v. Ruoey Lung Enter. Corp., Nos. 09-11550-GAO, 09-10293-GAO, 2014 WL 972138 *2 (D. Mass. 2014) (finding Boston rates of $480 to $685 for partner, and $175 to $400 for associates, were reasonable rates in an intellectual property dispute); Specialized Tech. Res., Inc. v. JPS Elastomerics Corp., 2011 WL 1366584 *10 (Mass Supr. Feb 10, 2011) aff'd, 80 Mass. App. Ct. 841 (2011) (finding reasonable: Boston partner rates of $560-$885 per hour and associate rates of $350-$415 per hour).

However, not every argument raised by Accusoft in its motions reflected a failure to confer; thus, it would be unreasonable to conclude that those arguments warranted sanctions. Accusoft pressed two arguments that appear both to have merit and were opposed by Defendants: 1) the need for clarification regarding which documents were discoverable regarding lab revenue damages; and, 2) a request for information regarding the Epic Viewer. (Docket #362, pp. 2, 5-6). Insofar as the Court has determined Accusoft presented seven of nine arguments that showed a failure to comply with local rules, the Court finds it is equitable for Accusoft to reimburse Defendants for seven-ninths (7/9) of their reasonable attorney's fees of $15,810, or $12,297.

## CONCLUSION

For the foregoing reasons, Plaintiff is ORDERED to forthwith reimburse Defendants for their attorney's fees in the amount of $12,297.

*/s/ David H. Hennessy*
David H. Hennessy
United States Magistrate Judge