## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ACCUSOFT CORPORATION,

       Plaintiff,

v.                                 Civil Action No. 4:12-cv-40007-TSH

QUEST DIAGNOSTICS INCORPORATED,
and MEDPLUS, INC.,              FILED UNDER SEAL

       Defendants.

## DEFENDANTS' OPPOSITION TO ACCUSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS

Defendants MedPlus, Inc. ("MedPlus") and Quest Diagnostics Incorporated ("Quest Diagnostics") respectfully submit this Opposition to Accusoft Corporation's ("Accusoft") Motion for Partial Summary Judgment for Copyright Infringement Against Defendants (Dkt. Nos. 417-418).

### REQUEST FOR ORAL ARGUMENT

Defendants request oral argument on Accusoft's motion pursuant to Local Rule 7.1(D).

# TABLE OF CONTENTS

Page

I.     **SUMMARY OF REASONS TO DENY ACCUSOFT'S MOTION** ............................1

II.    **DEFENDANTS' OPPOSITION TO ACCUSOFT'S STATEMENT OF UNDISPUTED FACTS** ..............................................................................3

III.   **LAW AND ARGUMENT** ..................................................................4

     A.    **The Court Should Deny Accusoft's Motion Because Accusoft Failed to Establish Any of the Required Elements of Its Claim for Copyright Infringement of ImageGear Professional Edition v.14** ..............................4

         1.    Accusoft failed to prove the contents of its registration for ImageGear Professional Edition v.14 as required under the First Circuit's *Airframe Systems* decision ..............................................4

         2.    Accusoft failed to prove that it owns a valid copyright in ImageGear Professional Edition v.14 ..............................................7

             a.    **The registration for ImageGear Professional Edition v.14 does not entitle Accusoft to a "presumption of validity," and Accusoft failed to carry its burden of proving it owns a valid copyright in that program** ..............................7

             b.    **The 2001 Software License Agreement does not relieve Accusoft of its burden to prove that it owns a valid copyright in ImageGear Professional Edition v.14** ..............................8

         3.    Accusoft failed to prove copying of constituent elements of ImageGear  Professional Edition v.14 that are original to Accusoft .........10

             a.    **Accusoft has not proven factual copying of ImageGear Professional Edition v.14** ..............................10

             b.    **Accusoft cannot prove substantial similarity between OptiMaxx and the original, copyrightable elements, if any, of ImageGear Professional Edition v.14** ..............................11

                 i.    *Accusoft did not identify <u>a single element</u> of its ImageGear program that is original and protected* ..........11

                ii.    *Accusoft did not compare the protected elements of its registered work with OptiMaxx* ..............................15

IV.   **CONCLUSION** ..............................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### FEDERAL STATUTES

17 U.S.C. § 102(b) ......................................................................................................12

17 U.S.C. § 204 ..........................................................................................................10

17 U.S.C. § 410(c) .......................................................................................................7

### FEDERAL REGULATIONS

37 C.F.R. § 202 .......................................................................................................6, 15

### CASES

*Abarca Health, LLC v. Pharmpix Corp.*
    806 F. Supp. 2d 483 (D.P.R. 2011)....................................................................12

*Airframe Sys., Inc. v. L-3 Comm'cns Corp.*
    658 F.3d 100 (1st Cir. 2011)...................................................................... *passim*

*Apple Computer, Inc. v. Microsoft Corp.*
    35 F.3d 1435 (9th Cir. 1994) ............................................................................12

*Baystate Techs. Inc. v. Bentley Sys., Inc.*
    946 F. Supp. 1079 (D. Mass. 1996) ...............................................................11,12

*Brown v. Latin Am. Music Co., Inc.*
    498 F.3d 18 (1st Cir. 2007)..............................................................................7, 8

*Computer Assocs. Intern., Inc. v. Altai, Inc.*
    982 F.2d 693 (2d Cir. 1992)..............................................................................13

*Data Gen. Corp. v. Grumman Sys. Support Corp.*
    36 F.3d 1147 (1st Cir. 1994)............................................................................11

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*
    499 U.S. 340 (1991)......................................................................................7, 12

*Feldman v. Twentieth Century Fox Film Corp.*
    723 F. Supp. 2d 357 (D. Mass. 2010) ...............................................................15

*ILOG, Inc. v. Bell Logic*
    181 F. Supp. 2d 3 (D. Mass. 2002) ...................................................................12

*Johnson v. Gorden*
    409 F.3d 12 (1st Cir. 2005)..................................................................................10, 12

*Kohus v. Mariol*
    328 F.3d 848 (6th Cir. 2003) ........................................................................................13

*Latin Am. Music Co. v. Archdiocese of San Juan of the Roman & Apostolic Church*
    194 F. Supp. 2d 30 (D.P.R. 2001)..................................................................................8

*Lotus Dev. Corp. v. Borlund Int'l, Inc.*
    49 F.3d 807 (1st Cir. 1995)............................................................................................12

*Maddog Software, Inc. v. Sklader*
    382 F. Supp. 2d 268 (D.N.H. 2005)........................................................................11, 12

*MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*
    89 F.3d 1548 (11th Cir. 1996) ......................................................................................12

*Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*
    No. 11-cv-726, 2013 WL 4409434 (E.D.N.Y. Aug. 2, 2013) ...........................9, 12, 13, 14

*Real View, LLC v. 20-20 Techs., Inc.*
    683 F. Supp. 2d 147 (D. Mass. 2010) ...........................................................................12

*Reed Elsevier, Inc. v. Muchnick*
    559 U.S. 154 (2010)........................................................................................................11

*Saturday Evening Post Co. v. Rumbleseat Press, Inc.*
    816 F.2d 1191 (7th Cir. 1987) ........................................................................................9

*Sem-Torg, Inc. v. K Mart Corp.*
    936 F.2d 851 (6th Cir. 1991) ..........................................................................................8

*Tuff 'N' Rumble Mgmt., Inc. v. Profile Records, Inc.*
    No. 95 Civ. 0246, 1997 WL 158364 (S.D.N.Y. April 2, 1997)........................................8

## OTHER AUTHORITIES

Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*
    4 § 13 (2003).....................................................................................................................12

## I.   <u>SUMMARY OF REASONS TO DENY ACCUSOFT'S MOTION</u>

Accusoft's motion showcases a fundamental misunderstanding of what a plaintiff must prove to demonstrate copyright infringement of a computer program.  Accusoft devotes a single sentence to establishing that it has registered the allegedly-infringed computer program.  *See* Dkt. No. 418, p. 6 ("Plaintiff possesses and has registered valid copyrights for many ImageGear versions, including 14 and 15.").  Accusoft then devotes two more sentences to establishing supposed "infringement" of that work.  *Id.* at p. 7 ("It is undisputed that MedPlus incorporated ImageGear in its entirety into the OptiMaxx program beginning in 2005.  It is also undisputed that OptiMaxx was transferred by MedPlus to its parent company, Quest, in March of 2008, after which Quest distributed the product.") (citations omitted).  Accusoft's "proof" does not satisfy any of the Copyright Act's three requirements for proving copyright infringement.

<u>First</u>, Accusoft was required to prove the content of its registered source code version for "ImageGear Professional Edition v.14"--the only version of ImageGear at issue in Accusoft's motion.  To do so, Accusoft needed to produce testimony that the copyright deposit material for the ImageGear Professional Edition v.14 registration was the same as the source code of the allegedly-infringed work.  Instead, Accusoft relied on the declaration of its CEO, Jack Berlin, who simply attached a copyright registration entitled "ImageGear Professional Edition v.14."

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████.  Moreover, Accusoft's sole technical expert (who is not even mentioned by Accusoft) testified that ████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████.   Thus, Accusoft has not established the first element of copyright infringement, and its motion should be denied on this basis alone.

Second, Accusoft's motion is premised on the faulty legal premise that ImageGear Professional Edition v.14 enjoys a "presumption of validity."  Accusoft's motion ignores Section 410 of the Copyright Act.  That provision states that the "presumption of validity" attaches only if the work is registered with the Copyright Office within 5 years of first publication.  The allegedly-infringed program was not registered within that 5 year window.  Thus, Accusoft enjoys no presumption of validity and needed to *affirmatively prove* that it owns a valid copyright.  But Accusoft failed to do so.

In fact, there is a serious question as to the validity of this supposed copyright.  For example, undisputed expert testimony shows that ████████████████████████

████████████████████████████████████████████████

████████.  And, Accusoft thwarted Defendants' attempt to discover the underlying facts that Accusoft's lawyer relied upon when she "certified" to the Copyright Office that the copyright application was accurate.  In short, Accusoft could not prove validity, so it opted to ignore the relevant statute as well as evidence that calls into question the validity of ImageGear Professional Edition v.14.

Finally, Accusoft had to prove that: (a) Defendants copied "protectable elements" of ImageGear Professional Edition v.14; and (b) that the copying was so extensive that it rendered the offending and copyrighted works "substantially similar."  This required Accusoft to first identify and then prove which elements of its ImageGear computer program are protectable, original expression.  Accusoft did not bother to identify a single element of its computer program that is original to Accusoft.  In fact, the undisputed testimony shows that ██████████████

███████████████████████████████████████████████████████

████████████████████ simply underscores why the courts require the owner of a computer program to identify those elements that are original to the owner.  Accusoft ignored this requirement, just as it ignored the others.

Additionally, Accusoft failed to present any evidence of "substantial similarity." Once the protectable elements of the program are identified (which Accusoft did not do), Accusoft then needed to present testimony comparing those protected elements to the infringing program to prove that the two are "substantially similar."  Accusoft made no comparison whatsoever, and did not devote a single sentence of its briefing to this issue. And while Accusoft's expert

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████.

In sum, Accusoft's motion illustrates a deficient understanding of the relevant portions of the Copyright Act and case law.  After three years of litigation, Accusoft cannot prove a <u>single element</u> of its copyright infringement claim.  Its motion should be rejected and Defendants' cross-motion should be granted.

## II.     <u>DEFENDANTS' OPPOSITION TO ACCUSOFT'S STATEMENT OF UNDISPUTED FACTS</u>

Pursuant to Local Rule 56.1, Defendants submit herewith their opposition to Accusoft's statement of the undisputed material facts.

### III.    LAW AND ARGUMENT

**A.    The Court Should Deny Accusoft's Motion Because Accusoft Failed to Establish Any of the Required Elements of Its Claim for Copyright Infringement of ImageGear Professional Edition v.14.**

To sustain its claim for copyright infringement, Accusoft had to satisfy three elements: (1) registration of the subject copyright; (2) ownership and validity of the copyright; and (3) copying of original constituent elements of the copyrighted work.  *Airframe Sys., Inc. v. L-3 Comm'cns Corp.*, 658 F.3d 100, 105 (1st Cir. 2011).  Accusoft failed on all three counts, as detailed below.

1.    Accusoft failed to prove the contents of its registration for ImageGear Professional Edition v.14 as required under the First Circuit's *Airframe Systems* decision.

Accusoft's motion fails to address the first element of its claim for infringement.  As the First Circuit recently explained, the Copyright Act makes registration of a computer program "a precondition to filing a valid copyright infringement claim under the federal statute."  *Airframe Sys.*, 658 F.3d at 105.  Thus, when a plaintiff fails to satisfy this first element, as a matter of law it cannot prove copyright infringement.  *Id.* at 107.

The analysis and holding in *Airframe Systems* dooms Accusoft's motion.  In that case, plaintiff Airframe Systems licensed the object code version of its "ARMS" software to the defendant, L-3.  *Id.* at 103.  Airframe Systems later discovered that L-3 had a copy of Airframe's source code on L-3's computer system, which copy was "not authorized under L-3's license." *Id.*  Airframe Systems sued for copyright infringement of four source code versions of the ARMS software that were registered with the Copyright Office.  *Id.*  Of significance here, the First Circuit stated that before an analysis of copying can take place, "the plaintiff must necessarily establish the content of the copyrighted work that it contends was infringed."  *Id.* at 106.  Airframe Systems did not present any evidence that the allegedly-infringed ARMS

software was the same software registered with the Copyright Office, but instead skipped right to attempting to prove illicit copying.  *Id.* at 105-06.  Airframe Systems' failure to meet this threshold requirement was critical:

> [h]aving presented no evidence sufficient to prove the content of its registered source code versions, Airframe cannot show that any of its registered works is substantially similar to the allegedly infringing M3 program, and Airframe has failed to create a genuine issue of material fact as to its claim of copyright infringement.

*Id.* at 107.

Here, just as in *Airframe Systems*, Accusoft has not presented any evidence to prove that the allegedly-infringed "ImageGear version 14 program" is the same program that is registered with the Copyright Office.  To satisfy its burden of proof under *Airframe Systems*, Accusoft should have produced an expert who reviewed the copyright deposit material from its ImageGear Professional Edition v.14 registration (Reg. TX 7-326-574) and compared it to the allegedly-infringed source code to confirm that the infringed code was, in fact, registered.  *See id.* at 106. Accusoft did not do this.  Accusoft's expert--who Accusoft does not cite or otherwise rely upon--testified that ███████████████████████████████████████████████████████.  Dkt. No. 414, p. 22, ¶ 107.  He further admitted that ███████████████████████████████████████ ███████████████████████████████████████████.  *Id.* at p. 22, ¶ 108.[1]  Thus, there is no testimony--expert or otherwise--that links "ImageGear version 14" (the version that Accusoft claims was infringed) with the source code that was deposited with the application for ImageGear Professional Edition v.14, Reg. TX 7-326-574.

---

[1] Accusoft was ordered to produce copies of the source code for each ImageGear software program registered with the United States Copyright Office that is "at issue in this case."  Dkt. No. 151, p. 14 (Request 25).



. Dkt. No. 414, p. 3, ¶ 10.  Rather, according to Defendants'

uncontroverted expert testimony, ███████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████ *Id.* at p. 3, ¶

10.

Further, not only did Accusoft fail to prove the content of its registration as required

under *Airframe Systems*, Accusoft actually stymied Defendants' attempts to discover the

underlying facts regarding the material deposited with the Copyright Office for ImageGear

Professional Edition v.14.   For example, Accusoft's lawyer and representative at the U.S.

Copyright Office submitted the application to the Copyright Office for ImageGear Professional

Edition v.14.  Dkt. No. 414, p. 3, ¶ 12.  In doing so, Accusoft's representative certified "that

information provided within the application is correct to the best of that party's knowledge."  *See*

37 C.F.R. § 202.3(c)(2)(iii).   When Defendants attempted to discover what Accusoft's

representative relied upon to "certify" that the deposit copy for ImageGear Professional Edition

v.14 was, in fact, a copy of the actual source code for the version listed in the application,

Accusoft's representative claimed ████████████████████████████████████████████

███████████████████████████. Dkt. No. 414, p. 4, ¶ 13.

For all of these reasons, Accusoft failed to carry its burden of establishing that

ImageGear version 14--the allegedly-infringed computer program--was registered with the

Copyright Office.  On this basis alone, Accusoft's motion for partial summary judgment should

be denied, and Defendants' cross-motion for summary judgment on Counts II, III, and IV of Accusoft's Amended Complaint should be granted.  *See* Dkt. No. 412.

    2.    <u>Accusoft failed to prove that it owns a valid copyright in ImageGear Professional Edition v.14</u>.

Accusoft also bears the burden of proving "ownership of a valid copyright."  *Airframe Sys., Inc.*, 658 F.3d at 105 (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 360 (1991)).  As a matter of law, Accusoft failed to carry its burden.

    **a.**    **The registration for ImageGear Professional Edition v.14 does not entitle Accusoft to a "presumption of validity," and Accusoft failed to carry its burden of proving it owns a valid copyright in that program.**

Accusoft is misinformed when it claims that "registration of its copyright provides a presumption of validity, and the burden shifts to Quest and MedPlus to show why the copyright is not valid."  Dkt. No. 418, p. 7.   The statute governing the evidentiary effect of a certificate of registration provides as follows:

> In any judicial proceedings the certificate of a **registration made before or within five years after first publication of the work** shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.  The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.

17 U.S.C. § 410(c) (emphasis added).  As this statute states, the presumption of validity only attaches to registrations made *within five years of first publication*.  *Brown v. Latin Am. Music Co., Inc.*, 498 F.3d 18, 24 (1st Cir. 2007).  ImageGear Professional Edition v.14 was registered with the Copyright Office on October 5, 2010.  Dkt. No. 414, p. 3, ¶ 9.  The certificate of registration lists August 15, 2005, as the date of publication for the work.  *Id.*  Thus, ImageGear Professional Edition v.14 was *not* registered within 5 years of publication and does *not* enjoy a presumption of validity under § 410(c).  *Brown*, 498 F.3d at 24.  Accusoft's claim to the contrary is wrong as a matter of law.

In fact, a copyright registration is given "little or no weight" when made more than five years after first publication, and where there are factual inaccuracies in the certificate of registration. *Brown*, 498 F.3d at 24 (holding certificate entitled to "little or no weight" when first publication date listed on certificate was inaccurate and dismissing claim when no other evidence of validity was presented).[2]

Here, it is undisputed that ██████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████. Dkt. No. 414, p. 3, ¶ 10.  Given this discrepancy and the lapse of more than five years between publication and registration, the Court should give Accusoft's registration no weight when determining copyright validity. *Brown*, 498 F.3d at 24.  For this reason, Accusoft is not entitled to a presumption of copyright validity and has failed to carry its burden of proving that it owns a valid copyright in ImageGear Professional Ed v.14.  Accusoft's motion should be denied on this basis as well.

      **b.    The 2001 Software License Agreement does not relieve Accusoft of its burden to prove that it owns a valid copyright in ImageGear Professional Edition v.14.**

Accusoft appears to suggest that Section 5.2 of the 2001 Software License Agreement somehow relieves it of its burden to prove ownership of a valid copyright in ImageGear Professional Edition v.14.  Dkt. No. 418, p. 7.  To the extent this is Accusoft's argument, it is wrong for several reasons.

First, Accusoft misquotes the agreement.  The agreement does not state that "MedPlus may not contest the *validity* of any of Accusoft's ImageGear copyrights."  Dkt. No. 418, p. 7

---

[2] To the same effect, *see, e.g. Sem-Torg, Inc. v. K Mart Corp.*, 936 F.2d 851, 854 (6th Cir. 1991); *Latin Am. Music Co. v. Archdiocese of San Juan of the Roman & Apostolic Church*, 194 F. Supp. 2d 30, 39 (D.P.R. 2001); *Tuff 'N' Rumble Mgmt., Inc. v. Profile Records, Inc.*, No. 95 Civ. 0246, 1997 WL 158364, at *2-3, 42 U.S.P.Q.2d 1398 (S.D.N.Y. 1997).

(emphasis in original).  Instead, Section 5.2 states "Licensee waives its right to contest any of Accusoft's trademarks, service marks, trade names, copyrights, and other intellectual property and proprietary rights in and to the ImageGear Product."  Dkt. No. 182-1, p. 4.  The word "validity" appears nowhere in Section 5.2.  *Id.*

Second, even if Section 5.2 explicitly prohibited MedPlus from challenging the validity of the copyright in ImageGear Professional Edition v.14, that provision does not relieve Accusoft of its burden to prove a statutorily-required element of a cause of action for copyright infringement.  *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, No. 11-cv-726, 2013 WL 4409434, at *19 (E.D.N.Y. Aug. 2, 2013), *report and recommendation adopted as modified*, 2013 WL 5502852 (E.D.N.Y. Oct. 1, 2013).  In *Point 4*, plaintiff argued that Defendant Tri-State waived its right to contest copyright validity because the contract -- in a provision that is even more explicit than the one in this case -- stated "Customer [defendant] acknowledges and agrees that the software is copyrighted and protected by copyright laws." 2013 WL 4409434 at *19.  The court rejected this argument because copyright validity is "dictated not by the parties' agreement but by the Copyright Law and case law construing it." *Id.*  Thus, the Court ruled that the contract could not control and found that the plaintiff had failed to prove that it owned a valid copyright.  *Id.* at 20.[3]  This Court should do likewise.

---

[3] Accusoft cites *Saturday Evening Post Co. v. Rumbleseat Press, Inc.* but that case is of no help because it did not hold that a contract somehow relieves a plaintiff's burden in its copyright infringement claim of proving that it owns a valid copyright.  816 F.2d 1191, 1200 (7th Cir. 1987).  Nothing in *Saturday Evening Post* relieves Accusoft of its burden to prove that it owns valid copyright in ImageGear Professional Edition v.14.  Additionally, the Seventh Circuit in *Saturday Evening Post* held that no-contest clauses in copyright licenses "are valid when no issue of copyrightability is presented…." *Id.* at 1201 (emphasis supplied).  In this case, which portions of Accusoft's computer programs are copyrightable is very much at issue, as described below, and thus *Saturday Evening Post* does not apply.

Third, Accusoft has moved for partial summary judgment as against Quest Diagnostics. Dkt. No. 418, p. 1.  It is undisputed that Quest Diagnostics was not a party to the 2001 Software License Agreement (Dkt. No. 182-1, p. 2), and Accusoft has provided no explanation as to how Section 5.2 could have any legal or binding effect on Quest Diagnostics.

For all of these reasons, Section 5.2 does not--and simply cannot--relieve Accusoft of proving that is has a valid copyright.

3.   <u>Accusoft failed to prove copying of constituent elements of ImageGear Professional Edition v.14 that are original to Accusoft</u>.

Finally, to show actionable copying Accusoft had to prove: (1) that MedPlus and Quest Diagnostics "actually copied the copyrighted material"; and (2) that "the copying was so extensive that it rendered the infringing and copyrighted work substantially similar" such that the infringing work "represented a wrongful appropriation of expression."[4]  *Johnson v. Gorden*, 409 F.3d 12, 18 (1st Cir. 2005).  Accusoft's motion fails to establish either.

**a.     Accusoft has not proven factual copying of ImageGear Professional Edition v.14.**

Accusoft claims that Defendants admitted "MedPlus incorporated ImageGear in its entirety into its OptiMaxx program" to prove factual copying.  Dkt. No. 418, p. 7.  This is inaccurate.  The software engineer responsible for incorporating ImageGear into OptiMaxx testified in his deposition that ImageGear version 14.**<u>4</u>** (Dkt. No. 414, p. 15, ¶ 72) was used, not that the allegedly-registered "ImageGear Professional Edition v.14" was used.  Accusoft has presented no evidence that ImageGear version 14.4 is the same as the "ImageGear Professional Edition v.14" source code that was registered with the U.S. copyright Office.  In fact, it is

---

[4]  Accusoft asserts that the OptiMaxx program was "transferred" from MedPlus to Quest Diagnostics.  Oppo. SOF, p. 6 no. 14.  However, under the Copyright Act, a work of authorship can only be transferred by a writing signed by the copyright holder.  17 U.S.C. § 204.  There has been no such signed writing produced in discovery.

undisputed that ███████████████████████████████████████████████

███████████████████. Dkt. No. 414, p. 3, ¶¶ 9-10.  For this reason, Accusoft has failed

to even show factual copying of the copyrighted work.  The motion for partial summary

judgment should be denied.  *Maddog Software, Inc. v. Sklader*, 382 F. Supp. 2d 268, 278-79

(D.N.H. 2005) (holding that a plaintiff must present evidence that the protectable elements of the

allegedly-infringing work were in fact copied from the allegedly-infringed registered work).

> **b.      Accusoft cannot prove substantial similarity between OptiMaxx and the original, copyrightable elements, if any, of ImageGear Professional Edition v.14.**

Even if Accusoft could prove factual copying, Accusoft must still prove Defendants

copied <u>protectable elements</u> of ImageGear Professional Edition v.14 and that the copying was so

extensive that it rendered the offending and copyrighted works "substantially similar." *Airframe*

*Sys., Inc.*, 658 F.3d at 106.  Accusoft has failed on both accounts.

> i.      *Accusoft did not identify <u>a single element</u> of its ImageGear program that is original and protected.*

In order to show copying of protectable elements of a computer program, it is the

plaintiff's burden to first <u>identify and prove</u> that the constituent elements of its registered

computer program are "original and protectable."  *Data Gen. Corp. v. Grumman Sys. Support*

*Corp.*, 36 F.3d 1147, 1160 (1st Cir. 1994) (to demonstrate copyright infringement of ADEX

computer program Plaintiff had the burden of demonstrating that Defendant "copied constituent,

*original* elements of ADEX") *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*,

559 U.S. 154, (2010) (copyright registration is a requirement for standing, not jurisdiction);

*ILOG, Inc. v. Bell Logic, LLC*, 181 F. Supp. 2d 3, 6 (D. Mass. 2002) (Plaintiff must also show that Defendant "copied the copyrightable elements of LogicStore")[5].

Identification of what elements of a program deserve copyright protection is a key issue because copying of unprotected portions of a work cannot constitute copyright infringement. *Maddog Software*, 382 F. Supp. 2d at 277 (citing 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.03[B][2][c], at 13–76 (2003)); *Johnson,* 409 F.3d at 17-18 ("[C]opying does not invariably constitute copyright infringement.") (citing *Feist,* 499 U.S. at 361). Unprotected portions would include, for example, any "ideas, systems, or processes" embodied in a computer program. 17 U.S.C. § 102(b); *Lotus Dev. Corp. v. Borland Int'l, Inc.,* 49 F.3d 807, 815 (1st Cir. 1995). Also, those elements of a computer program that are necessarily "incidental to its function" are unprotectable under the doctrine of merger. *Baystate Techs.*, 946 F. Supp. at 1087-88. Similarly, the doctrine of *scenes a faire* denies copyright protection to elements of a computer program that are "for all practical purposes indispensable, or at least customary, in the treatment of a given subject matter." *Real View, LLC v. 20-20 Techs., Inc.*, 683 F. Supp. 2d 147, 152 (D. Mass. 2010); 4 Nimmer on Copyright § 13.03[F][3] ("it is virtually impossible to write a program to perform particular functions in a specific computing environment without employing standard techniques"). Lastly, copyright protection

---

[5] To the same effect, *see, e.g., Baystate Techs. Inc. v. Bentley Sys., Inc.,* 946 F. Supp. 1079, 1086-87 (D. Mass. 1996) ("In the case of computer programs, the alleged infringer must be shown to have copied 'constituent, original elements' of the program.") ("Liability for copyright infringement is incurred only when *protected elements* of a copyrighted work are copied."); *Point 4 Data*, 2013 WL 4409434 at *17-18 (it is a plaintiff's burden to show that the work accessed was "protected" under the Copyright Act); *Apple Computer, Inc. v. Microsoft Corp.,* 35 F.3d 1435, 1443 (9th Cir. 1994) (plaintiff must identify "the *source(s)* of the alleged similarity between [its] work and the defendant's work" before the court may determine the scope of copyright protection) (emphasis in the original); *MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.,* 89 F.3d 1548, 1555 (11th Cir. 1996) (copyright owner should "inform the court as to what aspects or elements of its computer program it considers to be protectable. This will serve as the starting point for the court's copyright infringement analysis.").

does not extend to those portions of the computer program authored by third-parties.  *Abarca Health, LLC v. Pharmpix Corp.*, 806 F. Supp. 2d 483, 492 (D.P.R. 2011).

To determine what portions of a computer program are original and protectable, expert testimony is typically needed because of the highly technical nature of the work.  *Point 4 Data*, 2013 WL 4409434 at *18 (citing *Kohus v. Mariol,* 328 F.3d 848, 857-58 (6th Cir. 2003)); *Computer Assocs. Intern., Inc. v. Altai, Inc.,* 982 F.2d 693, 713 (2d Cir. 1992) ("[W]e recognize the reality that computer programs are likely to be somewhat impenetrable by lay observers— whether they be judges or juries[.]")).

Here, Accusoft's motion does not identify a <u>single element</u> of ImageGear Professional Edition v.14 that is original to Accusoft.  Instead, Accusoft cites one sentence in the declaration of its current CEO Mr. Jack Berlin: "Accusoft has and continues to register ImageGear with the Copyright Office and such registrations are accurately listed in Paragraph 31 of the Complaint and attached there as Exhibit B."  Dkt. No. 418, Ex. A.  ████████████████████████████

████████ (Defendants' Opposition to Accusoft's Rule 56.1 Statement of Material Facts ("Oppo. SOF"), p. 51, ¶ 1), and, in any event, fails to identify a single element of ImageGear Professional Edition v.14 that is Accusoft's original, protectable expression.  ████████████████

████████████████████████████████████████████████

████████████  Oppo. SOF, p. 51, ¶ 2.  Thus, his declaration provides no assistance to Accusoft.

Instead of offering expert testimony to prove which elements of ImageGear Professional Edition v.14, if any, were original and protectable, Accusoft simply relied on the claim that it authored and then provided the program to MedPlus.  Dkt. No. 418, p. 7.  The requirements under the Copyright Act are far more rigorous.   For example, in *Point 4 Data*, the plaintiff

argued that the defendant was given access to 100 percent of the plaintiff's computer program, and therefore the defendant must have had access to "some protectable element of the Software." 2013 WL 4409434 at *19.  The court rejected this argument and held:

> Plaintiff fails to appreciate that, on summary judgment, the Court must rely on evidence in the record and not on sheer assumption. … All that remains of Plaintiff's showing is an assumption that there must be something original and protectable about the Software.   While that assumption may well be correct, a finding that a genuine issue of fact exists must be based on evidence, not assumptions.  This principle applies with particular force in an area of law as complex and technical as the protectable elements of software.

*Id.* at *19.  In light of the plaintiff's failure to prove the protectable elements of its computer program, the court dismissed the plaintiff's copyright infringement claim.  *Id.* at *20.

Here, like the plaintiff in *Point 4 Data*, Accusoft has not identified <u>a single element</u> of ImageGear version 14 that is original and protectable.  Dkt. No. 418, pp. 6-7.  Instead, Accusoft merely cites to its purported registration of ImageGear Professional Edition v.14 and claims that "Defendants admitted that ImageGear version 14 was incorporated into OptiMaxx."  Dkt. No. No. 418, p. 6.  As a matter of law, this is insufficient, especially where, as here, ███████

███████████████████████████████████████████████████████████

███████ .  Oppo SOF, p. 52, ¶ 6.  Accusoft leaves it to this Court to rely on sheer assumption that "there must be something original and protectable about the Software."  *Point 4 Data*, 2013 WL 4409434 at *19.  Accusoft's failure to identify and prove the protectable elements of its program is fatal to its motion.

ii.   *Accusoft did not compare the protected elements of its registered work with OptiMaxx.*

Accusoft also failed to provide the mandatory comparison between the protected elements, if any, of ImageGear Professional Edition v.14 and the allegedly-infringing OptiMaxx program.

*Airframe Systems* makes clear that substantial similarity between the copyrighted work and the allegedly-infringing work "is assessed by comparing the **protected elements** of the plaintiff's work as a whole against the defendant's work." 658 F.3d at 106 (emphasis supplied). Here, Accusoft has made no such comparison.  Accusoft's expert, Mr. Decker, ███████████

███████████████████████████████████████████████

██████████████.  Dkt. No. 414, p. 22, ¶¶ 104-108.  In fact, Mr. Decker admitted ████████

███████████████████████████████.  Dkt. No. 414, p. 22, ¶ 108.  Instead, ████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████.  Dkt. No. 414, p. 22, ¶ 105.

These keyword searches cannot establish copyright infringement liability.  The mere presence of the words "ImageGear" and "Accusoft" in Defendants' programs does not make these programs "infringing."  Far from it: words and short phrases are not subject to copyright protection in the first instance.  *See* 37 C.F.R. § 202.1 (excluding from copyright protection "[w]ords and short phrases"); *see also Feldman v. Twentieth Century Fox Film Corp.*, 723 F. Supp. 2d 357, 367 (D. Mass. 2010) ("[C]opyright law denies protection to fragmentary words and phrases").  Thus, it is meaningless that ███████████████████████████

██████████████████████████████.

The touchstone for copyright infringement is "substantial similarity," which can only be established based on a comparison between the protected work as a whole and the allegedly-infringing work. *Airframe Sys., Inc.*, 658 F.3d at 105-06.  No such comparison has been offered by Accusoft and, consequently, its copyright infringement claims must fail.

**IV.    <u>CONCLUSION</u>**

For all of the above reasons, Accusoft's Motion for Partial Summary Judgment for Copyright Infringement Against Defendants should be denied and Defendants' motion for summary judgment denying Accusoft's copyright infringement claims should be granted.

Dated: October 17, 2014.

Respectfully submitted,

*/s/ J. Michael Keyes*

| | |
|---|---|
| J. Michael Keyes (pro hac vice) | John J. Cotter (BBO #5540524) |
| Whitney J. Stowe (pro hac vice) | William G. Potter (BBO #664302) |
| K&L Gates LLP | Emily H. Tseng (BBO #675962) |
| 618 West Riverside Avenue | K&L Gates LLP |
| Suite 300 | One Lincoln Street |
| Spokane, WA 99201-5102 | State Street Financial Center |
| (509) 624-2100 (phone) | Boston, MA 02111 |
| (509) 456-0146 (fax) | (617) 261-3100 (phone) |
| mike.keyes@klgates.com | (617) 261-3175 (fax) |
| whitney.stowe@klgates.com | john.cotter@klgates.com |
| | william.potter@klgates.com |
| | emily.tseng@klgates.com |

*Counsel for Defendants Quest Diagnostics Incorporated and MedPlus, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent by U.S. Mail to those indicated as non-registered participants on:  N/A.

*/s/ J. Michael Keyes*

J. Michael Keyes (Pro Hac Vice)
